# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50241 | **DATE** | 1/11/2008 |
| **CASE TITLE** | Nettles v. Jimenez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application for leave to proceed in forma pauperis is denied and this case is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff brings a pro se complaint against four physicians alleging violations of her civil rights under the United States Constitution. Specifically, plaintiff has alleged that four private physicians have violated her Fourteenth and Eighth Amendment rights by misdiagnosing her medical condition. This matter is before the court on plaintiff's application for leave to proceed in forma pauperuis, (IFP), pursuant to 28 U.S.C. § 191(a).

An IFP petition will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A submission is "frivolous" for IFP purposes, and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, there is no federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because plaintiff has not named as a defendant the United States, any state actor subject to suit for civil rights violations under 42 U.S.C. § 1983, or any federal actor subject to liability for civil rights violations under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties are citizens of different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here the complaint expressly alleges that plaintiff lives in Rockford, Illinois, and does not allege the citizenship of defendants[1], so diversity of citizenship is lacking.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. Plaintiff's IFP application is denied, and this action is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and Fed. R. Civ. P. 12(h)(3). The Court's ruling does not necessarily mean that plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court. however, in light of the significant shortcomings of plaintiff's complaint, she is encouraged to seek legal assistance before attempting to initiate any further proceedings in any court.

1. On the civil cover sheet filed with the complaint plaintiff indicates that all parties are citizens of the State of Illinois.